UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

_____

| | |
|---|---|
| GRAMBLING UNIVERSITY NATIONAL ALUMNI ASSOCIATION, ET AL. | CIVIL ACTION NO. 06-1571-A |
| -vs- | JUDGE DRELL |
| BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL. | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the Court are Motions to Dismiss to Strike filed on October 27, 2006, by Defendants: the Board of Supervisors for the University of Louisiana System, through its Chair, Jimmy D. Long, Sr.; Dr. Sally Clausen, President of the Board of Supervisors for the University of Louisiana System; Dr. Horace Judson; Billy Owens; and Louisiana Board of Regents, through its Commissioner, Dr. E. Joseph Savoie. (Doc.s # 8 & 10). Plaintiffs do not oppose the motions. After reviewing the pleadings and the applicable law, the Motion to Dismiss and the Motion to Strike will be GRANTED.

### DISCUSSION

On September 12, 2006, Plaintiffs: Grambling University Alumni Association, James Bradford, Clifton Lamelle, Lamar Davis, Pahawn Jones, Rev. Roosevelt Bryan, Dr. Dorothy Alexander, Mayor Martha Andrus, Edward

Jones, Toby Bryant, and William Bradford, filed a civil rights suit in this Court against Defendants for allegedly failing to act in the best interests of Grambling State University ("Grambling").  (Doc. # 1).  In response, Defendants filed the instant motions.[1]

**MOTION TO STRIKE**

Defendants move to strike portions of Plaintiffs' Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  (Doc. # 8).  The rule provides, in relevant part, that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Here, Defendants move to strike as immaterial all references to "prior administrative and related judicial proceedings" contained in paragraph 2 and in the final unnumbered paragraph of Plaintiffs' Complaint. We agree with Defendants conclusion that there is no legal basis or other justification for Plaintiffs' inclusion of these references.  Accordingly, the Motion to Strike will be granted.

**MOTION TO DISMISS**

Defendants seek to have all claims asserted by William Bradford dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that he lacks both standing and the capacity to sue as a plaintiff. (Doc. # 10).  Rule

---

[1] Defendants' pending Motion for Judgment on the Pleadings (Doc. # 12) filed on December 11, 2006, will be addressed in a separate ruling.

12(b)(6) allows a party to request that the Court dismiss an action on the grounds that the plaintiff "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The determinative question for the Court to consider when ruling on such a motion is: "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999). Thus, a claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [plaintiff] could prove consistent with the allegations of his complaint." Priester v. Lowndes County, 354 F.3d 414, 419 (5thCir. 2004).

Here, Plaintiffs can prove no set of facts (and no law for that matter) to support the claim that William Bradford, as a minor, has the capacity to sue. "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile." Fed R. Civ. P. 17(b). In the complaint, Plaintiffs state that "William Bradford, minor son of James Bradford, is a resident of Jackson Parish and a future student at Grambling State University." (Doc. # 1). Under Louisiana law, an unemancipated minor does not have the procedural capacity to sue. See La. Code Civ. Proc. Ann. art. 683(a) (West 2007). Plaintiffs do not allege that Bradford is either emancipated or represented in this matter. Under these circumstances and for

3

purposes of this motion, we find that William Bradford lacks the procedural capacity to sue as a plaintiff.

Even assuming that this procedural deficiency did not exist, William Bradford nonetheless lacks standing to bring these claims. As an integral component of Article III's case or controversy requirement, standing must exist for a case to proceed. <u>Florida Dept. of Ins. v. Chase Bank of Texas Nat. Assn.</u>, 274 F.3d 924, 928-29 (5th Cir. 2001). To have standing, a plaintiff must meet three required elements, namely: (1)that the plaintiff has suffered an "injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent"; (2) that there is "a causal connection between the injury and the conduct complained of"; and (3) that the injury is likely to be redressed by a favorable decision. <u>Hosein v. Gonzalez</u>, 452 F.3d 401, 403-04 (5th Cir. 2006) (<u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992)). "If the plaintiff is not the party who sustained the concrete and particularized injury for which a remedy is sought, and is not the assignee or designated representative of the injured party, then [he] does not have standing." <u>Int'l Ass'n of Machinists and Aerospace Workers Local Lodge v. Goodrich Corp.</u>, 410 F.3d 204, 211 (5th Cir. 2005).

As mentioned, William Bradford is listed in the complaint as a "future student" at Grambling. As a *hypothetical* student who may or may not ultimately attend Grambling, Bradford does not meet the requisite "injury in fact" element.

4

In other words, because Plaintiffs purport that their injuries stem from Defendants' alleged mismanagement and supervision of Grambling, there is no set of facts under which hypothetical student Bradford can prove that he suffered a "concrete and particularized" injury in this matter. William Bradford therefore lacks standing to bring these claims.

In summary, all claims asserted by William Bradford will be dismissed with prejudice.

SIGNED on this 22nd day of May 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge