UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GRAMBLING UNIVERSITY NATIONAL ALUMNI ASSOCIATION, ET AL | CIVIL ACTION NO. 06-1571 |
| versus | JUDGE TRIMBLE |
| BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for judgment on the pleadings [R. 12] filed by defendants in this matter. Considering all law and arguments submitted by the parties and for the reasons expressed herein, the court finds that defendants' motion should be GRANTED.

I. **Background**

A.   Relevant Facts

Plaintiffs Grambling University National Alumni Association, James Bradford, Clifton Lamelle, Lamar Davis, Pahawn Jones, Reverend Roosevelt Bryan, Dr. Dorothy Alexander, Mayor Martha Andrus, Edward Jones, Toby Bryant and William Bradford[1] ("plaintiffs") filed the instant suit in June of 2006, alleging violations of constitutional, federal and state law. Plaintiffs allege that defendants undertook actions and behavior which have damaged Grambling

---

[1] Plaintiffs are described as a non-profit corporation, Grambling alumni residing in Jackson and St. Landry parishes, a current student at Grambling, two Grambling retirees, the mayor of the Town of Grambling, and a future Grambling student, respectively. R. 1 at ¶ 5.

1

State University ("Grambling") and deprived plaintiffs of certain rights.

Along with their answer to the complaint filed against them, defendants Board of Supervisors of the University of Louisiana System, Dr. Sally Clausen, Dr. Horace Judson, Billy Owens, and the Louisiana Board of Regents ("defendants") filed motion to strike [R. 8], as well as a motion to dismiss [R. 10]. This court, speaking through Judge Dee D. Drell, granted both motions. Specifically, this court held stricken all references to "prior administrative and related judicial proceedings" contained in various portions of the plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(f). Thus, the court granted the motion to strike. As to the motion to dismiss, this court held that William Bradford, at once a named plaintiff to this suit, lacked both standing and capacity to participate as party plaintiff in this suit. William Bradford, the court held, was a minor and, as such, did not possess procedural capacity to sue on his own behalf under the applicable law of Louisiana. Further, William Bradford was only alleged to be a "future student" of Grambling State University, leading the court to hold that he had suffered no injury in fact and therefore could not satisfy the elements of Article III's case or controversy requirement. Accordingly, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) was also granted.

Defendants filed the instant motion for judgment on the pleadings which comes now before the undersigned for consideration[2]. Defendants assert that plaintiffs' complaint fails to state a claim upon which relief may be granted and, further, that defendants lack standing to assert the rights which form the basis of this suit.

Plaintiffs timely submitted argument in opposition to this motion and defend the complaint as one in which properly states claims against defendants for violations of Title VII,

---

[2]Order of reassignment [R. 24] issued June 26, 2007.

42 U.S.C. §§ 1981, 1983, 1985, and 1988. Plaintiffs also request leave to amend their complaint as to all claims, but particularly those arising under 42 U.S.C. § 1981.

    B.    Applicable Standard

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is subject to the same analysis as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6). Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). Thus, the movant will not be entitled to judgment on the pleadings in his favor unless it shown that plaintiff can prove no set of facts consistent with the complaint which would entitle him to relief. Id at 529, citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002).

All well-pleaded facts contained in plaintiffs' complaint shall be taken as true and will be viewed in the light most favorable to plaintiffs. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d. 278, 284 (5th Cir. 1993). In order to avoid dismissal "...plaintiff must plead specific facts, not mere conclusory allegations..." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery...or contain allegations from whcih an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

**II.    Analysis of Law and Arguments**

    A.    Title VII Claims

Defendants' motion points out that plaintiffs' suit seeks redress under Title VII, but that plaintiffs have not filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and, thus, have not exhausted their administrative remedies as required before filing

3

such a claim in federal court[3]. Plaintiffs admit that no administrative remedies have been sought, much less exhausted, but ask this court to excuse this fact and allow all Title VII claims to proceed[4].

Employees claiming employment discrimination based on race or sex must exhaust administrative remedies as a precondition to judicial relief. Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006), citing Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995).

Plaintiffs cite only a dissenting opinion rendered in Holt v. JTM Industries, Inc., et al, 89 F.3d 1224 (5th Cir. 1996) as authority for excusing their lack of exhaustion on administrative remedies. We find this argument unpersuasive. The EEOC serves an important purpose in the scheme of redress of civil rights violations. Plaintiffs offer no excuse, compelling or otherwise, for their failure to satisfy this prerequisite before instituting a Title VII claim in federal court.

Further, plaintiffs have still failed to identify specific facts alleging a cognizable claim of employment discrimination. Plaintiffs' vague and conclusory allegation of "unfair hiring and firing practices[5]" does not provide appropriate notice to defendants as to any specific person(s) alleging harm due to employment discrimination and, moreover, does not allege whether discrimination was based on race, sex or membership in some other protected class. In short, plaintiffs' complaint fails to address the elements required in order to establish a claim for employment discrimination. Thus, we find that plaintiffs' complaint fails to state a claim under Title VII as to which relief may be granted.

---

[3] R. 12 at p. 6.

[4] R. 16 at p. 6.

[5] R. 1 at ¶ "z."

*42 U.S.C. § 1981*

Defendants allege that plaintiffs' complaint fails to state a claim upon which relief may be granted under § 1981. This section of the Act prohibits racial discrimination in the making and enforcement of private contracts, including private employment contracts.

In order to establish a claim under § 1981, plaintiffs must allege facts in support of the following elements: (1) plaintiffs are members of a racial minority; (2) defendants intended to discriminate against plaintiffs on the basis of race; and (3) the discrimination encompasses one or more activities enumerated in the statute. Felton v. Polles, 315 F.3d 470, 483 (5th Cir. 2002), citing Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994).

Reviewing plaintiffs' complaint in light of the necessary elements described above, we must agree with defendant that plaintiffs have failed to state a cognizable claim for discriminatory contract interference under § 1981. Plaintiffs have not alleged membership in any protected class. Likewise, they have failed to allege intent to discriminate which was motivated by plaintiffs' membership in any protected class. Finally, plaintiffs fail to allege that any discrimination interfered in the making or enforcement of any contract under the statute.

Accordingly, we find that plaintiffs' complaint fails to plead a cognizable claim under 42 U.S.C. § 1981.

*42 U.S.C. § 1983*

Article III of the Constitution of the United States of America requires that persons invoking federal jurisdiction meet its case-or-controversy requirement, which mandates that such

persons have "standing" to bring suit as a party plaintiff. Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). In the seminal case of Lujan v. Defenders of Wildlife, 504 U.S. 555 112 S.Ct. 2130 (1992), the United States Supreme Court recounted the three essential elements of standing: (1) and "injury in fact" which involves (2) a legally protected, concrete and particularized interest which is neither conjectural or hypothetical. Id at 2136 (internal citations omitted). As noted by the Court, a "special interest" in the subject matter is not enough to provide standing. An injury in fact must be alleged using facts which demonstrate an imminent "perceptible harm." Id at 2140.

Defendants allege that plaintiffs lack standing to maintain claims under § 1983 because plaintiffs seek to assert the civil rights of third parties. Plaintiffs cite McCormack v. National Collegiate Athletic Ass'n., 845 F.2d 1338 (5th Cir. 1988) as authority for the argument that the general rule denying standing to plaintiffs seeking to assert the rights of third parties is inapplicable when "the plaintiff himself has suffered a cognizable injury and third party for some reason cannot assert its own rights." While we acknowledge the exception to the general rule against third party standing, we find that plaintiffs have alleged no cognizable personal injury and, further, offer no argument as to why Grambling cannot assert its own rights. Further, plaintiffs offer no facts in support of application of the reasoning of Singleton v. Wulff[6], which it claims as further authority for asserting third party rights in this suit.

Plaintiffs also assert that the Grambling Univeristy National Alumni Association possesses standing to bring constitutional claims when certain criteria are met[7]. Missing,

---

[6] 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

[7] R. 16 at p. 5.

6

however, are any facts which, when added to the complaint already filed, demonstrate that: (1) the members of the organization have standing to sue in their own right, (2) that the interests which the organization seeks to protect are germane to its purpose and (3) that neither the claim asserted nor the relief requested requires the participation of the organization's individual members in the lawsuit[8]. Plaintiffs have not established that the alumni association possesses the requisite standing to maintain claims in this suit.

Plaintiffs have provided us with no basis for a finding that this case falls within the narrow exception to the rule against third party standing and, as such, we decline to apply that exception here.

*42 U.S.C. § 1985*

Defendants allege that plaintiffs' complaint fails to state a claim under § 1985 as to which relief may be granted. In order to state a cognizable claim under 42 U.S.C. § 1985, plaintiff must allege: "(1) a racial or class-based discriminatory animus lay behind the conspiracy and (2) the conspiracy aimed to violate rights protected against private infringement." Horaist v. Doctor's Hospital of Opelousas, 255 F.3d 261 (5th Cir. 2001), citing Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Plaintiffs respond, only briefly, to defendants' accusation of deficiency with respect to this particular claim. Plaintiffs contend that "conspiracy is the basis of the complaint itself.[9]" Having examined the complaint in question, we find that it fails to allege the elements required. Plaintiffs' only allegation which might even vaguely be construed as an allegation of conspiracy

---

[8] R. 16 at p. 5, citations omitted.

[9] R. 16 at p. 8.

is found in paragraph seven (7) which states, in part, that defendants have "...individually or in concert violated the civil rights of your petitioners..." "Mere allegations of a deprivation of civil rights are insufficient to withstand a motion to dismiss." Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148 (5th Cir. 1992), citing Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982).

Plaintiffs' complaint fails to identify what particular civil rights, belonging to whom, have been violated. Moreover, plaintiffs' complaint fails to allege facts which in any way support claims of conspiracy. Lastly, plaintiffs' complaint fails to allege that any conspiracy was motivated by discrimination on the basis of race, sex or membership in any other protected class. These elements are essential to a viable claim under § 1983. Finding that the complaint at issue lacks sufficient factual allegations to support these elements, we must also find that the complaint fails to state a cognizable claim under this portion of the Act.

*The Right to Amend*

It is well settled that leave to amend should be freely given under Fed. R. Civ. P. 15 when justice so requires. Goldstein v. MCI WorldCom, 340 F.3d 238, 254 (5th Cir. 2003). Leave to amend, however, is not automatic under the federal rule and is not mandated when such amendment would be futile. Id, citing Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 612 (5th Cir. 1993); Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Plaintiffs' memorandum proposes an amendment to the original complaint which would "specify the racial classifications of all parties as well as the racial percentages/makeup of Grambling State University, Grambling National Alumni Association and the Town of

Grambling.[10]" Such an amendment would not erase the other elemental deficiencies of plaintiffs' Title VII claim and, further, would not cure plaintiffs' admitted failure to exhaust administrative remedies before seeking judicial relief. In this sense, an amendment would be futile and, accordingly, we find no just cause to allow leave for such an amendment as to Title VII claims. Constructors, supra at 612.

Plaintiffs, additionally, request leave to amend their complaint in general "...if the court finds insufficient allegations to support any of the claims of the complaint and/or the standing of the plaintiffs to assert same...[11]"

As the Fifth Circuit pointed out in Goldstein v. MCI WorldCom[12], tacking on a perfunctory request for curative amendment after making no effort to address the deficiencies exposed by defendants' motion to dismiss is insufficient to justify amendment of the pleadings[13]. With the exception of designating the race to which the plaintiffs, Grambling and the Town of Grambling belong, plaintiffs have proposed no new facts and has, most incredibly, not even attempted to satisfy the elements of the offenses alleged. This "wait and see" approach, which hinges on a request for amendment which is nearly an "afterthought," places the court in a position of instructing the plaintiffs in confecting cognizable claims, if it chooses to allow amendment. "A district court's responsibilities do not include instructing ostensibly sophisticated ...counsel how to plead an actionable complaint." Goldstein, supra, at n. 6,

---

[10] R. 16 at p. 7.

[11] R. 16 at p. 10.

[12] 340 F.3d 238 (5th Cir. 2003).

[13] Id at 254.

quoting Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002). The court also finds that allowing plaintiffs to elongate the perfection of pleadings places an undue burden on defendants as it permits the continuation of the suit without proper notice to defendants as to the specific allegations to which defendants must answer. Such a result clearly contravenes the purpose of notice pleading.

Plaintiffs have shown virtually no initiative in working to correct what we can only describe as a wholly deficient complaint. We also find that plaintiffs' single specified proposed amendment would be futile as to the claims at issue, as we find no evidence in the pleading or responsive brief that plaintiffs possess the requisite standing to proceed with this suit. While plaintiffs acknowledge, as to claims under § 1983, that they seek to assert the rights of third parties, they allege no facts which would place their suit within the ambit of the exception they claim under Singleton v. Wulff[14]. With respect to the other civil rights claims asserted, the court finds no facts within the complaint or the responsive brief which tend to demonstrate standing. Taking these deficiencies into account, we find that, even if leave to amend were granted, such leave would be futile, as it would not create standing in this case.

*42 U.S.C. § 1988*

Finding as we have with respect to the substantive claims above, we also dismiss plaintiffs' claims under § 1988, as this section merely provides the recoupment of attorney fees by the prevailing civil rights plaintiff.

*The Declaratory Judgment Act*

---

[14] 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed. 826 (1976).

The Declaratory Judgment Act permits declaratory relief by a federal court only when other independent bases for jurisdiction are present. It does not, in and of itself, provide a basis of jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980). Finding as we have with respect to plaintiffs' federal claims, we cannot, then, exercise jurisdiction over any properly plead state law claims within the complaint at issue.

### III. Conclusion

We find plaintiffs' complaint to be vague and conclusory, alleging only a broad violation of civil rights, which incorporates no meaningful factual elements. Taking the nominal facts present in the complaint as true, plaintiffs have still failed to state cognizable causes of action and, further, lack standing to assert the rights of third parties. Plaintiffs' complaint fails to meet even the liberal pleading requirements applicable to claims in federal court. Fed. R. Civ. P. 8(a).

As to Title VII claims, plaintiffs admit that they did not exhaust administrative remedies before seeking judicial relief, yet offer no explanation which might serve as a basis for the court to allow such claims to proceed.

More inexplicably, plaintiffs fail to offer any meaningful facts or proposed amendments which might cure the defects pointed out in defendants' motion to dismiss, choosing, instead, to "wait and see" whether or not the court will require an amendment. Ostensibly, plaintiffs' aim is to have the court instruct them as to exactly how to plead cognizable claims. We will not aid plaintiffs in the piecemeal construction of proper claims, as it produces a result which is unjust.

Plaintiffs' complaint shall be dismissed in its entirety.

Alexandria, Louisiana
July 19, 2007

/s/ James T. Trimble, Jr.
JAMES T. TRIMBLE, JR.
UNITED STATE DISTRICT JUDGE