RECEIVED
IN ALEXANDRIA, LA

SEP 1 7 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| **GRAMBLING UNIVERSITY NATIONAL ALUMNI ASSOCIATION, ET AL** | **CIVIL ACTION NO. 06-1571** |
| **versus** | **JUDGE TRIMBLE** |
| **BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING AND ORDER

Before the court is a motion for new trial/rehearing [R. 27] filed by plaintiffs Grambling University National Alumni Association, et al ("Grambling"). In this motion, Grambling seeks rehearing of defendants' prior motion to dismiss [R. 12] on the grounds that the undersigned should have recused himself from this case and, further, that the ruling of this court on defendants' motion to dismiss was in error. For the reasons assigned in our prior ruling [R. 25] as well as those discussed herein, the court finds that Grambling's motion will be DENIED. In the interest of a thorough adjudication, we will clarify and reiterate our prior findings.

We first address whether or not the undersigned should have recused himself from this case as alleged by plaintiffs. As both parties detail in their briefs, the above captioned case took a rather circuitous route in reaching this court. Plaintiffs filed this suit on September 12, 2006, at which time it was assigned to Judge Robert James.[1] Judge James recused himself from the

---

[1] See R. 1.

1

case on September 15, 2006.[2]  On September 21, 2006, this case was reassigned to Judge Dee

D. Drell, a judge presiding in the Alexandria Division of the Western District Court.[3]  The case

remained before Judge Drell until the judge recused himself on June 21, 2007.[4]  Prior to Judge

Drell's recusal, and the subsequent reassignment of this case to the undersigned, defendants filed

the motion to dismiss at issue.  The case was reassigned to this court by order of Chief Judge

Richard T. Haik on June 25, 2007.[5]

Plaintiffs contend that the undersigned should have recused himself on the basis that he

is or was a "colleague" of former Judge F.A. Little, Jr.[6]  In support of this argument, plaintiffs

cite the Compendium of Selected Opinions, Section 2.6, which states, in part:

> "(c)  A judge should recuse in cases in which a former colleague
> appears as counsel, for reasonable period of time after the former
> judge left the bench.  The exact length of time depends upon the
> length of the prior association and the closeness of the relationship
> with the former colleague (rule of thumb, two years or longer)."

Former Judge Little's retirement from the federal bench become effective on May 15,

2006.[7]  The undersigned assumed the chambers belonging to former Judge Little in

approximately June of the same year.  Prior to taking on this second chambers, the undersigned

---

[2]See R. 3.

[3]See R. 4.

[4]See R. 23.

[5]See R. 24.

[6]R. 27 at pp. 2-3.

[7]See "Order" reassigning cases to both Judge Drell and the undersigned, dated May 5, 2006, filed in all cases then pending before F.A. Little, Jr.  A copy of this order is attached to this opinion.

2

presided only in the Lake Charles Division of the Western District Court, some 100 miles from the Alexandria Division and did not enjoy any close or personal relationship to F.A. Little during his tenure with the court.  Moreover, this case was assigned to the undersigned more than a year after F.A. Little, Jr. retired from the court.  In the absence of a clear definition of the term "colleague" from the Committee on Codes of Conduct, the court will not consider that a judge in a different division, although in the same district, would be defined as a "colleague" in determining the disqualification issue.

Upon receiving the Order of Reassignment [R. 24] in this case from Judge Haik, the undersigned became aware that defendants' motion to dismiss had been, at that time, pending for more than six (6) months.  It is noted that, contrary to the bold assertions of plaintiffs, the Order of Reassignment and a copy of Judge Drell's Order of Recusal were the only materials received in conjunction with this case.  Finding, from a review of the electronic record, that both parties submitted all required briefs and that the issue was ripe for adjudication, the undersigned placed a high priority on the motion to dismiss and, as noted by the parties, issued a Judgment granting the motion and dismissing all claims on July 19, 2007.[8]

Plaintiffs also allege that the continued assignment of this case to Magistrate Judge Kirk, although under two separate presiding judges, is improper.[9]  Our review of the electronic record indicates that all motions filed in this case to date have been dispositive in nature and, thus, have not been referred to Magistrate Judge Kirk.  In short, Magistrate Judge Kirk has not worked on this case.

---

[8] See R. 26.

[9] R. 27 at p. 2.

As a final note on the issue of recusal, we recall that this case was reassigned to the undersigned on June 26, 2007, allowing plaintiffs fifteen (15) non-holiday and non-weekend days in which to file any objection to Judge Haik's reassignment of this case. Plaintiffs raised no objection until July 25, 2007, after the receipt of the court's judgment dismissing all claims in this suit. Under this set of facts, the court finds that this new objection is untimely.[10]

Plaintiffs also suggest that this court's dismissal of their claims was in error. Specifically, plaintiffs' motion for reconsideration alleges that the court's dismissal of its claims under Title VII was error because it "defies common sense" to conclude that the parties plaintiff in this suit, who are alleged to be "connected with the promotion and well-being of Grambling State University" cannot bring a claim for "unfair hiring and firing practices."[11] The court reiterates the well-established rule that exhaustion of administrative remedies is a pre-requisite for the assertion of Title VII claims in federal court, the neglect of which is proper grounds for dismissal of the same.[12]

Plaintiffs next contend that the court's prior dismissal of its claims under 42 U.S.C. § 1981 was erroneous because their complaint adequately alleges racial discrimination in the making and enforcement of private contracts. Although plaintiffs' memorandum does point out that certain contracts are at issue, the court finds that plaintiffs have presented no new evidence which would indicate that the plaintiffs have standing to maintain these claims, as they were not

---

[10]United States v. Sanford, 157 F.3d 987, 988-89 (5th Cir., 1998).

[11]R. 27 at pp. 3-4.

[12]42 U.S.C.A. 2000e - 5(f)(1); Barnes v. Levitt, 118 F.3d 404, 408 (5th Cir. 1997), citing Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995) and Johnson v. Bergland, 614 F.2d 415, 417 (5th Cir. 1980).

parties to these contracts.  One notable exception seems to be a breach of contract claim arising

from a dispute over the Bayou Classic.  It is noted that our prior judgment reserved all rights to

plaintiffs (especially the Grambling National Alumni Association) to pursue any such claim(s)

in state court, where such action would be proper given our findings with respect to the

remainder of the purported federal claims.

Plaintiffs next allege a "very serious error"[13] in our dismissal of their claims under 42

U.S.C. § 1983 in that Grambling State University lacks the capacity to sue or be sued by

operation of its place within the University of Louisiana System.  Plaintiffs cite various

constitutional and statutory provisions in support of this new authority.  While the court is

certainly aware of these provisions and their impact on the issues before us, we do not find that

this cures the non-justiciable nature of many of the claims presented in plaintiffs' complaint.

The court will not labor to recount each such claim, but lists the following as examples:

> " M.    In destroying the morale of Grambling State
>         University employees;
> N.      In destroying the relationship of Grambling State
>         University to the Town of Grambling...
> W.      In being guilty of poor accountability...
> BB.     In promoting dissension among alumni and
>         other interested parties...
> DD.     In not having a positive vision for the university's
>         future..."[14]

In short, plaintiffs' complaint contains allegations mostly amounting to disagreement

with certain decisions made by defendants in the management and oversight of Grambling State

University.  While the court sympathizes with plaintiffs' interest in higher education in the State

---

[13]R. 27 at p. 6.

[14]R. 1.

of Louisiana, we do not find that the harms alleged are violations of constitutionally guaranteed rights. Where certain civil rights (namely employment discrimination) claims are properly asserted in their complaint, plaintiffs demonstrate no standing to bring these claims on behalf of those who allegedly were discriminated against and, again, offer no explanation, compelling or otherwise, why those who were allegedly discriminated against are not parties plaintiff to this suit. These claims do not belong to Grambling State University and, as such, our ruling does not ask this institution to sue itself. Rather, our ruling insists that those to whom the constitutional rights belong assert their own claims in the absence of some compelling justification for third-party claims.

Plaintiffs finally allege error in our dismissal of their claims against defendants under 42 U.S.C. 1985. Plaintiffs now assert that Grambling State University "is one of two predominantly black universities under the University of Louisiana System and that it is treated differently than white universities in the State of Louisiana." Although plaintiffs' new allegations do properly include the element of race-based animus, the court finds that they still fall short in demonstrating standing on the part of these particular plaintiffs to maintain these claims.

The court notes that the Grambling National Alumni Association may have a valid claim against defendants for breach of contract, based on our review of the complaint. Accordingly, our prior judgment reserved unto that plaintiff all available rights to be pursued in state court at its discretion.

For the reasons stated above, as well as those previously outlined in our prior ruling, it is hereby

ORDERED that plaintiffs' motion for reconsideration be DENIED.

6

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this ⟨17⟩ day of September, 2007.

_____
JAMES T. TRIMBLE, JR.
UNITED STATE DISTRICT JUDGE